IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-147-BO

| | | |
|---|---|---|
| KYDRA MANUEL-CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MANPOWERGROUP SHORT-TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion [DE 10] to dismiss or, in the alternative, to transfer. Defendant's motion [DE 10] is GRANTED on the grounds discussed below. The Court TRANSFERS this action to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division pursuant to its authority under 28 U.S.C. § 1404(a).

## BACKGROUND

Defendant ManpowerGroup Plan ("the Plan") is a benefit plan organized and existing pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101 to 1151. Plaintiff was an employee of ManpowerGroup US at its Fayetteville, NC location.

Plaintiff brings this suit after defendant denied her claim for benefits under the plan. Defendant has moved to dismiss or, in the alternative, to transfer the case to the Eastern District of Wisconsin, Milwaukee Division pursuant to a forum and venue selection clause in the Plan. Plaintiff opposes the motion, contending that ERISA grants her the right to bring her claim in this district, that the forum selection clause is unenforceable, and that transferring this case to Wisconsin violates ERISA's legislative intent and public policy interests.

DISCUSSION

Defendant seeks to dismiss or transfer the case pursuant to a clause in the Plan documents that states "venue and forum shall only be proper in a federal court located in Milwaukee, Wisconsin." DE 12-1, ¶ 8.6. The threshold issue is whether the forum and venue selection clause in the Plan documents is valid and enforceable despite Section 502(e)(2) of ERISA, which provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. §1132(e)(2). Plaintiff argues this provision guarantees her a right to litigate in her choice of one of the three designated venues.

ERISA's statutory scheme "is built around reliance on the face of written plan documents." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) (quoting *Curtiss–Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995)). The plan documents in this case state that federal court in Milwaukee, Wisconsin is the only permissible venue. While 29 U.S.C. §1132(e)(2) provides three potential options for venue, "nothing in this text expressly invalidates forum-selection clauses in employee-benefits plans." *In re Mathias*, 867 F.3d 727, 732 (7th Cir. 2017). The relevant language says the action "may be brought[,]" not must be brought. §1132(e)(2); *see also Mathias*, 867 F.3d at 732, *and Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 932 (6th Cir. 2014). This language is permissive and does not preempt forum and venue selection clauses. Accordingly, §1132(e)(2) does not invalidate the Plan's clause.

Next, plaintiff argues that the clause is unenforceable because defendant did not make plaintiff aware of it in the denial of her claim and that forcing this case to be litigated in Wisconsin contravenes ERISA's legislative intent and public policy by denying her "ready access to federal courts." DE 13 at 4 (quoting 29 U.S.C. § 1001(b)).

2

These arguments fail. First, plaintiff does not contend that the Plan documents were somehow kept hidden or secret, and nothing suggests that the forum selection clause was induced by fraud. Forum-selection clauses are enforceable even when not negotiated by the parties at arm's length. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594 (1991). Absent fraud, it is irrelevant that plaintiff was not aware of the clause when she filed this suit. Finally, "forum-selection clauses should control except in unusual cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). Forcing plaintiff to litigate in Wisconsin does not violate ERISA's statutory intent or public policy, and it does not deny her "ready access to federal courts[.]" Instead, it simply directs the litigation to the venue stated in the Plan documents. And the Plan "is at the center of ERISA." *McCutchen*, 569 U.S. at 101.

Having determined that the forum and venue selection clause is valid and enforceable, the Court finds that transfer pursuant to 28 U.S.C. § 1404(a)—not 28 U.S.C. § 1406(a)—is the appropriate disposition. *Atlantic Marine* clarified that when venue would otherwise be proper under 28 U.S.C. § 1391, forum-selection clauses are to be enforced via § 1404(a). 571 U.S. at 56–60. At first pass, venue seems as if it would otherwise be proper, and so the Court finds that § 1404(a) is the correct mechanism to transfer. Accordingly, this action will be transferred to the Eastern District of Wisconsin, Milwaukee Division.

## CONCLUSION

Defendant's motion [DE 10] is GRANTED on the grounds stated above. The Court TRANSFERS this action to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division pursuant to 28 U.S.C. § 1404(a).

SO ORDERED, this 28 day of October, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE